UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**CIVIL ACTION NO. 05-521-JBC**

**DONNIE R. CAMPBELL,** **PLAINTIFF,**

**V.** **MEMORANDUM OPINION AND ORDER**

**JO ANNE BARNHART, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,** **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the plaintiff's motion for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The court, having reviewed the record and being duly advised, will grant the motion in part and deny it in part.

The plaintiff requests $6,862.50 in attorney's fees, $104.13 in expenses, and $274.10 in costs.[1] The Commissioner agrees that the plaintiff is entitled to attorney's fees, but disagrees as to the amount of the recovery. Specifically, the Commissioner argues that counsel's hourly rate – $150 per hour – is excessive; that counsel is requesting fees for time that was not reasonably expended on this case; and that counsel has not fully justified his request for costs. Accordingly, the Commissioner argues that the plaintiff is entitled to attorney's fees of $2,500 to $3,125 and costs of $13.26.

**I.    The Hourly Rate**

---

[1] Costs and expenses include $104.13 for mileage for three trips to Pikeville and $274.10 for filing fees, postage, and courier services.

"[A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412. In determining the hourly rate, the court must first determine the market rate for similar legal services performed by lawyers of comparable skill, experience, and reputation. If the market rate exceeds the EAJA rate, the court may, in its discretion, allow counsel to charge a higher hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). This court has previously established that the prevailing market rate in the Eastern District of Kentucky is $125 per hour. *E.g.*, *Stamper v. Barnhart*, No. 5:03-cv-468-JBC (E.D. Ky., September 16, 2004). To the extent that counsel seeks to collect for a higher hourly rate, he has the burden of justifying this request. *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

To prove that the $150 hourly rate is appropriate, the plaintiff asks the court to review the Consumer Price Index ("CPI") detailing the change in the price of legal services in the United States. The attached CPI – which tracks the change in price of legal services for urban consumers throughout the United States – does not reflect the change in price, if any, for seeking judicial review of a decision of the Commissioner of Social Security in the Eastern District of Kentucky. Because the court is not persuaded that a greater rate is justified, it will award fees at a rate of $125 per hour.

**II.     Hours Worked**

Under the EAJA, a plaintiff may recover fees only for time that counsel reasonably expended on his case. *Hensley v. Eckhart*, 461 U.S. 424, 434 (1983). It is the plaintiff's burden to prove that the hours spent were reasonable; he may not recover for hours that are "excessive, redundant, or otherwise unnecessary," or for work ordinarily performed by support staff. *Id.*; *Granville House Inc. v. Dep't of Health, Educ, & Welfare*, 813 F.2d 881, 884 (8th Cir. 1987). The Commissioner objects to many of the items listed in the plaintiff's fee petition, arguing that these items are not taxable under the EAJA.

Counsel claims to have spent 45.75 hours on this case. This includes 10.3 hours reviewing the transcript, 19.8 hours preparing the motion for summary judgment, 15.9 hours preparing and reviewing other documents, and 1.5 hours attempting to collect fees. Although the court understands counsel to be experienced in handling Social Security disability matters, the 45.75 hours requested does not translate into an efficient handling of the case.

Regarding the motion for summary judgment, the court notes that there are only three pages of argument in counsel's forty-one page brief. The remaining thirty-seven pages are filled with a statement of the case and a statement of facts. There is no indication that this case was unusually complex or that this case necessitated such a lengthy pleading. Moreover, counsel spent 10.3 hours reviewing the transcript over the course of a month, and counsel spent an

additional 6 hours reviewing medical records and speaking with former counsel. The total review could have been done in conjunction with preparing the motion for summary judgment. Therefore, the court finds that it was reasonable for counsel to spend only 19.8 hours to review the record and to prepare the motion for summary judgment. The court also finds that it was reasonable to spend only 5.9 hours to prepare and review other documents.[2] Because the time spent collecting fees should not exceed three percent of the time actually litigating a case, and because it was reasonable to spend 25.7 hours litigating this matter, counsel may bill only .77 hours for collecting fees. *See Coulter v. State of Tennessee*, 805 F.2d 146, 151 (6th Cir. 1996). Accordingly, the court finds that 26.27 hours of counsel's time was reasonably expended on this case and that the plaintiff is entitled to attorney's fees of $3,283.75.

**III.    Costs**

The Commissioner objects to the trips to Pikeville because counsel has not shown that these trips were necessary. Because the court finds that it was reasonable for counsel to travel to Pikeville to file time-sensitive documents, the cost of the trips is taxable. Moreover, a plaintiff may recover his filing fees and

---

[2] The court finds that it was necessary to spend only 1 hour preparing the motion to remand; 0.1 hours to review the court's order granting permission to file a brief in excess of 15 pages; 0.1 hours to review the Commissioner's motion for an extension of time; 0.1 hours to review the court's order granting that motion; and 0.6 hours to review the Commissioner's motion for entry of judgment and to write a letter to his client. The court finds that the remaining time was properly charged.

postage costs under the EAJA. Accordingly,

**IT IS ORDERED** that the plaintiff's motion for fees (DE 16) is **GRANTED IN PART** and **DENIED IN PART**. The defendant shall pay the plaintiff's attorney's fees of $3,283.13, plus costs and expenses of $378.23.

Signed on August 3, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY