**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CIVIL ACTION NO. 05-521-JBC**

**DONNIE R. CAMPBELL,**                                          **PLAINTIFF,**

**V.**                      **MEMORANDUM OPINION AND ORDER**

**MICHAEL ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,**                **DEFENDANT.**

**\* \* \* \* \* \* \* \* \* \***

This matter is before the court upon the plaintiff's counsel's request for attorney fees (R. 22).  The court will grant the motion.

**I.      Background**

Pursuant to 42 U.S.C. § 404(b), plaintiff's counsel, Mr. Cybriwsky, is seeking an attorney fee equal to twenty-five percent of past-due benefits awarded to Mr. Campbell.

The plaintiff's counsel represented the plaintiff before this court in a Social Security disability case.  He filed with this court a complaint for disability benefits, alleging that the Administrative Law Judge (ALJ) had incorrectly denied the plaintiff money due him for a period of disability, as well as a motion for remand and a motion for summary judgment.  R. 1, 6, 9.  The Commissioner responded to the plaintiff's filings by moving the court to enter judgment reversing the administrative decision and remanding the matter to the Commissioner for further proceedings.  R.

13.  The court granted the Commissioner's requests. R. 14, 15.

After remand, plaintiff's counsel petitioned this court for an award of attorney's fees, pursuant to the Equal Access to Justice Act ("EAJA").  R. 16.  Plaintiff's counsel requested $6,862.50 in attorney fees, for 45.75 hours of work at an hourly rate of $150, plus costs and expenses of $378.23.  The court granted counsel an award of $3,283.13, based on its finding that only 26.27 hours were compensable at a rate of $125 per hour.  R. 18.  The court awarded counsel the full amount requested for costs and expenses.  *Id.*

During the administrative proceedings, the plaintiff was represented by another attorney, Mr. Stephen Calvert.  Mr. Calvert was successful in obtaining a favorable decision for the plaintiff, and the plaintiff received an award of $37,448.40 in past-due benefits.[1]  The Commissioner failed to follow usual procedure and withhold twenty-five percent of that amount ($9,362.10) for payment of attorneys' fees.[2]  Mr. Calvert, pursuant to 42 U.S.C. § 406(a), filed a

---

[1]Plaintiff's counsel states that the plaintiff received past-due benefits totalling $38, 232.80.  The defendant states that past-due benefits total $37,448.40, and documentation from the Social Security Administration included as an attachment to the defendant's response reveals that plaintiff first received $38,232.80 and that amount was corrected to $37,448.40.  *See* R. 26, attachment 1.  Counsel does not address the discrepancy in his reply.  Rather, he declares that the Commissioner does not dispute that past-due benefits total $38,232.80, of which twenty-five percent equals $9,558.20.  R. 28, p. 4. However, the Commissioner does dispute the amount, and plaintiff's counsel makes no argument that the court should disregard the correction provided by the Commissioner.

[2]Neither party argues that this fact should affect the court's evaluation of counsel's request.

fee agreement with the Commissioner for the work performed at the administrative level.  He received a payment of $5,300.

Plaintiff's counsel then filed with this court a notice of the favorable decision. R. 21.  He subsequently filed the instant motion for attorney's fees.  R.22.  The defendant opposes the request, arguing that the sum of fees awarded by the administration under section 406(a) and by this court under section 406(b) must be capped at twenty-five percent of the claimant's past-due benefits.  The defendant also argues that counsel has billed excessive hours.


## II.    Analysis

Under 42 U.S.C. § 406(b), when a "court renders a judgment favorable to a claimant who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment."[3]

A contingent-fee agreement between counsel and a claimant should be honored and enforced by the court if the agreement provides payment not in excess

---

[3]The court has the authority to award court-related fees pursuant to Section 406(b) even though the benefits award itself was made by the commissioner on remand.  *Horenstein v. Sec'y of Health and Human Servs.,* 35 F.3d 261, 262 (6th Cir. 1994) ("In cases where the court remands the case back to the Secretary for further proceedings, the court will set the fee limited to 25 percent of past-due benefits - for the work performed before it, and the Secretary will award whatever fee the Secretary deems reasonable for the work performed on remand and prior administrative proceedings.").

of twenty-five percent of past-due benefits. *Gisbrecht v. Barnhart,* 535 U.S. 789, 807-09 (2002); *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). The role of the court is to "review such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807; *see Rodriquez*, 865 F.2d at 746. "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808.

Rodriquez*, cited with approval by the *Gisbrecht* court, delineates the steps the court should take in reviewing a request for attorney fees made under section 406(b). The court must consider the "benchmark" of twenty-five percent of past-due benefits "as a starting point for the court's analysis." 865 F.2d at 746. Then, the court verifies that the plaintiff and counsel entered into a contingency-fee agreement for twenty-five percent of past-due benefits. *Id.* If they did, the court must give the agreement for twenty-five percent of past due benefits "the weight ordinarily accorded a rebuttable presumption." *Id.* The court may use hours and hourly rates as a way of testing the reasonableness of the fee. *Id.; see Gisbrecht*, 535 U.S. at 808 (citing *Rodriquez* for proposition that court may assess reasonableness of fee of twenty-five percent of past-due benefits based on hours expended multiplied by hourly rate). The court may then make deductions from

4

that "benchmark," and such deductions "generally should fall into two categories: 1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Rodriquez*, 865 F.2d at 746.

Here, counsel requests a fee of twenty-five percent of past-due benefits, which equals $9,362.10.[4]  Plaintiff and plaintiff's counsel did have a contingency fee agreement, and counsel has submitted a copy of it to the court.[5]  The court therefore will give the agreement for a fee equal to twenty-five percent of past-due benefits the weight of a rebuttable presumption.

---

[4]Counsel requests a fee of $9,558.20, which is twenty-five percent of $38,232.80.  However, according to documentation provided by the defendant, the amount of past-due benefits was adjusted from $38,232,80 to $37,448.40. *See supra* note 1.  Counsel does not argue that the adjustment was inappropriate.  Twenty-five percent of the adjusted award is $9,362.10.  Counsel did not request an upward adjustment from the twenty-five percent figure but calculated the exact dollar amount of his request based on a mistake as to the amount of the plaintiff's past-due benefits award.  The basis of counsel's request is his argument that he is entitled to a fee that is twenty-five percent of the original award of past-due benefits.  Therefore, the court will consider whether it should award him a fee of $9,362.10.

[5]The agreement is signed by the plaintiff and includes the following paragraph:

I agree to pay Hon. Wolodymyr Cybriwsky a sum equal to either twenty-five (25) percent of past-due benefits awarded to me <u>and my family</u> in the event the case is won or renumerate [sic] him for his time expended at the rate of no less than $200.00 per billable hour for administrative level work and a base of $325.00 per billable hour in federal appeals.  No attorney fee will be charged if we do not win the case.

The defendant urges the court to reduce the fee, not due to ineffectiveness or improper conduct, but because the absence of such a reduction would create a windfall.  The defendant argues that 7.2 hours of the hours listed by plaintiff's counsel are not compensable hours because they are not related to work done before this court.  "Calculating an hourly rate from the fee is one method of determining whether the attorney would 'enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended.'" *Hayes v. Sec'y of Health and Human Servs.,* 923 F.2d 418, 422 (6th Cir. 1990) (quoting *Rodriquez*, 865 F.2d at 746).  An hourly rate that is twice the attorney's standard rate is *per se* reasonable where the contract is made contingent on the client's ultimate success.  *Id.*

Plaintiff's counsel has submitted documentation showing that he spent 57.35 hours working on the plaintiff's case.  Dividing $9,362.10 by 57.35 results in a hypothetical hourly rate of $163.24.  Reducing the number of compensable hours to 50.15 raises the hypothetical hourly rate to $186.68.  Courts have approved a wide range of hypothetical hourly rates, and an hourly rate of $186.68 is within the range of twice a standard hourly rate.  *See Ash v. Comm'r of Social Sec.*, No. 06-648, 2009 WL 1035219, at *3 (S.D. Ohio April 16, 2009) (finding hypothetical rate of $443.50 per hour approximately twice the standard rate for Greater Cincinnati area); *Hounshell v. Astrue*, No. 04-509, 2009 WL 127667, at *1-2 (E.D. Ky. Jan. 16, 2009) (finding hypothetical hourly rate of $169.70

6

reasonable); *Lockridge v. Astrue*, No. 04-499, 2009 WL 127668, at *2 (E.D. Ky. Jan 16, 2009) (granting award with hypothetical hourly rate of $702.13 where counsel experienced); *Rose v. Astrue*, No. 08-01, 2008 WL 5263777 (E.D. Ky. Dec. 17, 2008) (calculating appropriate hourly rate of $250, or twice the EAJA rate of $125); *Walton v. Comm'r of Social Sec'y*, No. 06-CV-398, 2008 WL 5244650 (Dec. 15, 2008) (finding award with hypothetical rate of $507.48 reasonable, where counsel's base rate was $350).   Even if the number of hours were reduced, this fee is not so high as to constitute a "windfall" for plaintiff's counsel.  The defendant has not overcome the presumption that a fee of twenty-five percent of past-due benefits is reasonable.

The defendant also argues that the fee must be reduced because any fee awarded under section 406(a) should be considered in determining the amount awarded under section 406(b) so that the aggregate fee paid by the claimant does not exceed twenty-five percent of past-due benefits. Here, if $9,362.10 is awarded, the total attorneys' fees will be $14,662.10, which is more than twenty-five percent of past-due benefits.

The defendant contends that the Sixth Circuit Court of Appeals has not yet decided this issue, and capping the total of the fees paid to counsel for both administrative and court-level proceeding honors the congressional intent to limit the erosion of past-due benefits by attorney fees.  Based on its reading of *Horenstein v. Sec'y of Health and Human Servs.,* 35 F.3d 261 (6th Cir. 1994), the

7

court concludes that under the law of the Sixth Circuit, the twenty-five percent cap

on section 406(b) fees does not apply to limit the total fees awarded under both

sections of the statute. The defendant maintains that *Horenstein* did not resolve the

instant question and addressed only whether the Commissioner could cap the

section 406(a) award at twenty-five percent of past-due benefits.

   In *Horenstein*, the district court had enjoined the Secretary of Heath and

Human Services (the equivalent of the defendant Commissioner) from "enforcing

two administrative rulings that limit[ed] attorney fees to 25 percent of past-due

benefits in social security cases resolved at the administrative level."  35 F.3d 261,

261.  These administrative rulings had been enacted with the purpose of enforcing

the rule set forth in *Webb v. Richardson*, 472 F.2d 529 (6th Cir. 1972). *Id.* at 262.

In *Webb*, the court had held that only the tribunal that "ultimately upholds the claim

for benefits . . . can approve and certify payment of an attorney fee, and that the

fee cannot exceed 25% of the past-due benefits awarded by that tribunal." *Id.*

(quoting *Webb*, 472 F.2d at 536).  Thus, not only did *Webb* establish that only

either the administrative court or the federal court could award attorney fees

(known as the "single tribunal rule"), *Webb* also established an "accompanying

blanket 25 percent cap on fee awards." *Horenstein*, 35 F.2d at 262.  The

*Horenstein* court overruled *Webb*, reasoning that neither the "single tribunal rule"

nor this "accompanying" rule is supported by the plain language of the statute.  *Id.*

In doing so, it expressly disapproved both the "single tribunal rule" *and* the

8

accompanying fee cap rule.[6]

     *Horenstein*, however, clearly aimed to do more than the defendant allows. *Horenstein* held that any fee provided by the administrative court under section 406(a) is separate from any fee awarded by the district court under section 406(b) and explicitly addressed how the separate nature of the awards answers the question posed by the defendant in this case:

> We overrule *Webb* and join the majority of circuits which hold that each tribunal may award fees only for the work done before it.  We recognize that Congress made distinct and explicit provisions for a "reasonable fee" for work done before the Secretary under section 406(a)(1) and that there is no requirement that such an award be made from past-due benefits.  Likewise, we recognize that section 406(b)(1) establishes a separate standard for awarding fees for work performed in cases decided by a judge and that those fees may not be "in excess of 25 percent of the total of the past-due benefits."  Thus, for services performed before the Secretary, the Secretary is free to set a reasonable fee, except as otherwise provided in the statute, *see* 42 U.S.C. s 406(a)(2)(A).  For services performed in a federal court where the court awards benefits, the attorney fee award is limited to 25 percent of past-due benefits.  Finally, in cases where the court remands the case back to the Secretary for further proceedings, the court will set the fee – limited to 25 percent of past-due benefits – for the work performed before it, and the Secretary will award whatever fee the Secretary deems reasonable for the work performed on remand and prior administrative proceedings.

*Horenstein*, 35 F.2d at 262.

---

    [6]Other circuits have recognized that part of *Webb*'s holding was this "accompanying rule," and have cited *Webb* as a case supporting a finding that total fees under both 406(a) and 406(b) must be capped at twenty-five percent of past-due benefits.  *See Harris v. Sec'y of Health and Human Servs.*, 836 F.2d 496, 498 n.1 (10th Cir. 1987), *overruled by Wrenn v. Astrue*, 525 F.3d 931(10th Cir. 2008) (citing *Webb* as establishing cap on total of both fees); *Morris v. Social Security Admin.*, 689 F.2d 495 (4th Cir. 1982) (citing *Webb* as consistent with a cap on total of both fees).

Thus, *Horenstein* directs courts to address the attorney fee award under section 406(b) separately from any award granted under section 406(a).  Other courts have recognized that *Horenstein* sets the rule in the Sixth Circuit that the twenty-five-percent cap on section 406(b) fees does not apply to the total of attorney fees awarded under both sections 406(a) and (b).  *See Clark v. Astrue*, 529, F.3d 1211 (9th Cir. 2008) ("Based on the plain text of the statute, the Sixth and Tenth Circuits have held section 406(b)'s cap on attorney's fees applies only to fees awarded under 406(b) and does not limit the combined fees awarded under both 406(a) and 406(b)."); *Wrenn v. Astrue*, 525 F.3d 931, 936 (10th Cir. 2008).

Under the defendant's interpretation of *Horenstein*, the last sentence of the above-quoted language, which clearly directs this court to award a fee independent of any fee awarded at the administrative level, is *dicta*.  Even if it were, the court would reach the same result.  *See Whisman v. Astrue*, No. 07-122, 2008 WL 5173466 (E.D. Ky. Dec. 10, 2008) (rejecting same argument made by defendant here, finding *Horenstein* language quoted above directed result of no cumulative cap and even if language were *dicta*, finding it persuasive).


III.    **Conclusion**

Accordingly, **IT IS ORDERED** that plaintiff's counsel's motion for attorney fees (R. 22) is **GRANTED** and $9,362.10 will be paid to counsel.

**IT IS FURTHER ORDERED** that plaintiff's counsel will return to Donnie

10

Campbell the $3,283.13 received as a fee under EAJA.


Signed on  July 28, 2009

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY